IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORIE LEROUX | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO.  3-10-CV-2634-M |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference, filed October 24, 2012, before the Court for recommendation is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (doc. 21), filed October 3, 2012.  Based on the relevant filings, evidence, and applicable law, the request for attorney's fees should be **GRANTED, in part**.

## I.  BACKGROUND

On December 27, 2010, Plaintiff filed a complaint seeking reversal and remand of the decision denying her Social Security disability benefits.  She was represented by Daniel A. Skaar. On September 25, 2012, the Court entered judgment, reversing and remanding the case for further proceedings.  Plaintiff then moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and for reimbursement of court costs.  Defendant objected to the amount of fees sought, and the motion is now ripe for consideration.

## II. ANALYSIS

Pursuant to the EAJA, the Court must award attorney's fees and expenses if: (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3)

there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). An award of attorney's fees under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). The fee applicant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990); *Sandoval v. Apfel*, 86 F.Supp.2d 601, 616 (N.D. Tex. 2000).

Plaintiff has requested $9,803.63 in attorney's fees based on 48.9 attorney hours for legal services at the billing rate of $171.25 per hour, 11.1 attorney hours for paralegal services at the rate of $95.00 per hour, and $375.00 for court costs and expenses.[1] The Commissioner does not dispute Plaintiff's entitlement to attorney's fees, the hourly rate requested,[2] or the court costs, but objects to the claimed number of attorney hours as excessive and unreasonable.

A.  **Reviewing and Summarizing the Record**

The Commissioner argues that 15.08 hours spent by counsel reviewing and summarizing the record are unreasonable and should be reduced by at least one-half to 7.54 hours. The Commissioner contends that 15.08 hours is an "inordinate" number of hours considering that counsel represented Plaintiff during the administrative process, including at the administrative hearing, and that Plaintiff's summary judgment brief in this case contained identical language to parts of the summaries of the evidence previously submitted at the administrative level. The Commissioner relies on *Cooper v.*

---

[1] Plaintiff originally sought compensation for 47.9 hours of legal work and 13.1 hours of paralegal work. In her responsive brief, however, she requests compensation for an additional one hour of legal work for litigating her fee application, for a total of 48.9 hours, and agrees to reduce the requested paralegal legal hours by two, to 11.1 hours. (*See* Plf. Resp. [doc. 24] at 4).

[2] Attorney's fees under the EAJA are subject to a statutory maximum rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). However, the court may calculate fees using a higher rate based on an increase in the cost of living or other "special factor." *Id.* Here, Plaintiff argues, and the Commission does not dispute, that a billing rate of $171.25 for attorney services performed in 2011 and 2012 is appropriate based on a cost-of-living adjustment. (*See* Plf. Mot. at 3 & n.2).

2

*U.S. R.R. Ret. Bd.*, 24 F.3d 1414, 1419 (D.C. Cir.1994), for the proposition that reduction of an EAJA award is appropriate where much of the work has already been done at the administrative level.

The holding in *Cooper*, however, is limited to its own particular set of facts and does not present a bright line rule that every time an appellate attorney reviews the administrative record, his or her hours should be reduced by half. *Yearout v. Astrue*, No. 3-10-CV-0430-L-BH, 2011 WL 2988421, at *1 (N.D. Tex. Mar. 15, 2011), *rec. adopted*, 2011 WL 2990368 (N.D. Tex. Jul. 22, 2011). As recognized by this and other courts, an appeal by its very nature covers factual and legal grounds already addressed at the trial or administrative level, but this does not necessarily make the work performed by an appellate counsel duplicative. *See id.* (*citing Sweat v. Barnhart*, No. 3-05-CV-0329-M, slip op. at 4 (N.D. Tex. Aug. 27, 2007). Here, the disputed hours consist of time spent reviewing a more than 800-page record and taking over 23 pages of detailed notes to avoid the redundancy of later review to locate substantive evidence for arguments and citations to that evidence. The record included the written decision of the administrative law judge and the transcript of the administrative hearing, which were not available prior to the appeal notwithstanding counsel's representation of Plaintiff at the administrative level. Counsel's review identified errors in the decision which ultimately resulted in a remand. Consequently, the hours requested are reasonable for the work performed and should not be reduced.

**B.     Litigating the Fee Application**

The Commissioner also objects that counsel should be compensated for no more than 1.5 hours for litigating the present fee application. Under the EAJA, however, fees incurred in litigating a fee application are compensable. *Sandoval*, 86 F.Supp.2d at 616 (*citing Powell v. Commissioner*, 891 F.2d 1167, 1170-71 (5th Cir.1990) (awarding plaintiff 28.25 hours for attorney services rendered

litigating his EAJA claim); *see also Yearout*, 2011 WL 2988421, at *1 n.1 (awarding plaintiff 3.5 hours of attorney work for defending the fee application against Commissioner's objections); *Dounley v. Astrue*, No. 3-08-CV-1388-O-BH, 2010 WL 637797, at *3 n.1 (N.D. Tex. Feb. 23, 2010) (awarding plaintiff 5.5 hours of attorney work for defending the fee application against Commissioner's objections). Here, the 3.67 total hours requested by Plaintiff for litigating this fee application are reasonable for the work performed, and should not be reduced.

**C.     Clerical Tasks**

Finally, the Commissioner objects that counsel should not be reimbursed for any paralegal services billed at the reduced rate of $95.00.[3] According to the Commissioner, the hours performed at the paralegal rate, which include time spent filing pleadings using the ECF system, mailing items, proofreading documents, and compiling a time sheet, represent "purely clerical tasks" that are not compensable under the EAJA. The Court agrees that Plaintiff's counsel should not be awarded attorney's fees for clerical work that could easily be performed by support staff. *Hayes v. Astrue*, No. 3-09-CV-2018-G BK, 2010 WL 5479611, at *2 (N.D. Tex. Dec. 3, 2010), *rec. adopted*, 2011 WL 9049 (N.D. Tex. Jan. 3, 2011) (*citing Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 (5th Cir. 1980). Having carefully reviewed counsel's detailed fee affidavit, the court finds that most of the time billed at the paralegal rate should be disallowed as clerical work. However, time spent proofreading, cite checking, and correcting plaintiff's briefs requires some legal skill and knowledge. Such work could not generally be easily or competently performed by clerical staff. The court finds

---

[3] Plaintiff originally sought $1,244.50 purportedly for 13.1 hours of paralegal services. (*See* Plf. Appx. at 3). However, the itemized billing records attached to Plaintiff's application show only 12.9 hours of work performed. (*See id.*). Plaintiff further conceded in his response that at least two hours of time billed for paralegal work represent "clerical tasks" and agreed to reduce the requested paralegal hours by two hours. Thus, it appears that Plaintiff seeks $1,035.00 for 10.9 of paralegal work.

4

that 1.9 hours of paralegal work counsel spent proofreading and correcting plaintiff's briefs are reasonable and should be reimbursed at the rate of $95.00 per hour.

### III.  RECOMMENDATION

Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act should be **GRANTED, in part**.  Plaintiff should be awarded $8,929.63, which represents 48.9 attorney hours for legal services at the rate of $171.25 per hour, 1.9 attorney hours for paralegal work at the rate of $95.00 per hour, and $375.00 in court costs and expenses.

**SO RECOMMENDED** on this 26th day of October, 2012.

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE