IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORIE LEROUX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:10-cv-2634-M |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lorie Leroux has filed an Unopposed Motion for Award of Attorney Fees under the Social Security Act. *See* Dkt. No. 29. United States District Judge Barbara M.G. Lynn has referred the motion to the undersigned United States magistrate judge for recommendation. *See* Dkt. No. 30. For the reasons explained below, the Court should grant the motion.

**Background**

On December 27, 2010, Plaintiff filed a complaint seeking reversal and remand of the Commissioner of Social Security's decision denying her claim for benefits under the Social Security Act. *See* Dkt. No. 1. On September 25, 2012, the Court reversed and remanded the case to the Commissioner for further proceedings. *See* Dkt. Nos. 19 & 20. Plaintiff then moved for, and was awarded, attorneys' fees under the Equal Access to Justice Act ("EAJA") in the amount of $8,929.63. *See* Dkt. Nos. 21, 25, & 26.

On remand, the Commissioner subsequently issued an amended fully favorable

decision awarding benefits to Plaintiff on April 30, 2014. *See* Dkt. No. 29 at 1. As provided by a contingency fee agreement, Plaintiff now seeks approval under 28 U.S.C. §406(b) of the Social Security Act to pay her attorney fees in the amount of $21,053.91, which represents 25% of the past-due benefits she received. *See id.* at 2-3, 7-8; Dkt. No. 29-6.

The Commissioner is unopposed to the motion or the amount of the fee requested. *See* Dkt. No. 29 at 14.

## Legal Standards and Analysis

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While Section 406(a) governs the award of attorneys' fees for representing a claimant in administrative proceedings, Section 406(b) governs the award of attorneys' fees for representing a claimant in court. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1)(A); *see also Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800); *accord Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision

2

on remand").

Contingency fee agreements in Social Security cases are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits. *See Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, Section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

As the United States Court of Appeals for the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, her role resembles that of a "trustee" for the claimant. *See Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). The reasonableness of attorneys' fees awarded pursuant to a fee-shifting statute is generally determined by using the lodestar method. *See id.* Noting that Section 406(b) is not a fee-shifting statute, however, the Supreme Court has "explicitly rejected" the use of the lodestar method as the "starting point" in determining the reasonableness of a fee under this statute. *Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give a contingency fee agreement 'primacy,'" although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379. *Gisbrecht* acknowledged that, "[i]f the benefits [resulting from a contingency fee agreement] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order [to disallow windfalls for lawyers]." 535 U.S. at 808. The Fifth Circuit has interpreted this language to mean that courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall but only if they "articulate additional

3

factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 379. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381-82 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

With regard to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-cv-56-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that, in the year 2000, only 35 percent of claimants who appealed their case to federal court received benefits), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. Civ. A. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept.

4

27, 2012). Here, counsel faced a substantial risk of loss, as "the case had already been denied at four levels of agency review prior to the initiation of the civil action." Dkt. No. 29 at 8.

Counsel's resulting hourly rate of $276 ($21,053.91 divided by 76.25 hours of attorney work devoted to the case) is just above the range that Plaintiff's evidence shows for the noncontingent rate for an attorney of Plaintiff's counsel's age and experience in the Dallas-Fort Worth area. *See id.* at 10-11. The resulting hourly rate requested here, therefore, seems reasonable.

Moreover, Plaintiff's counsel, who has several years of experience in Social Security law, provided effective and efficient representation, expending substantial hours drafting a motion for summary judgment and a reply brief. *See* Dkt. Nos. 15, 17, & 29-2. Given the lack of success at the administrative level, counsel's success appears to be attributable to his own work. The fees requested reflect the favorable result obtained, given that Plaintiff recouped $84,215.65 in wrongfully-denied past-due benefits. *See* Dkt. No. 29 at 9-10; Dkt. No. 29-1. And the contingency fee requested in this case represents exactly 25% of the past-due benefits awarded to Plaintiff. *See* Dkt. No. 29 at 2-3, 7-8.

Finally, while certainly not determinative, the existence of a contingency fee agreement [Dkt. No. 29-3] and Plaintiff's affidavit [Dkt. No. 29-6] reflect that Plaintiff consents to the payment of a 25% fee. *See Jeter*, 622 F.3d at 381-82; *Hartz*, 2012 WL 4471846, at *6.

After weighing the relevant factors, the undersigned finds that the requested

5

contingency fee award in the amount of $21,053.91 is reasonable and should be granted.

Plaintiff was previously awarded $8,929.63 in attorneys' fees pursuant to the EAJA. *See* Dkt. No. 26. Given the overlap between the EAJA and Section 406(b) of the Social Security Act, "Congress harmonized fees payable by the Government under" these statutes by requiring that the attorney "refund to [Plaintiff] the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted); *Rice v. Astrue*, 609 F.3d 831, 837-39 (5th Cir. 2010). Here, counsel represents that he will promptly refund the amount of the lesser fee for the same services to Plaintiff. *See* Dkt. No. 29 at 12, 14.

## Recommendation

The Court should grant Plaintiff's Unopposed Motion for Award of Attorney Fees under the Social Security Act [Dkt. No. 29] and award counsel $21,053.91 in attorneys' fees to be certified for payment out of Plaintiff Lorie Leroux's past due benefits pursuant to 42 U.S.C. § 406(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 7, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE